STATE, EX REL. GOODMAN *v.* PEAK, JUDGE.

[No. 26,121. Filed February 19, 1932.]

246

*John P. Goodman,* relator.

*J. Elmer Peak,* Judge of St. Joseph Superior Court No. 2, respondent.

PER CURIAM.—Relator filed in this court his verified petition for a writ of mandate to require the defendant, as judge of St. Joseph Superior Court No. 2, to permit relator to file in that court his petition for a writ of error *coram nobis.* This court issued its alternative writ, to which defendant filed a return denominated a "motion to dismiss relator's complaint."

Relator is at present confined as a prisoner in the Indiana State Prison at Michigan City, and alleges in his petition for writ of mandate that he has offered his petition for writ of error *coram nobis* for filing in the St. Joseph Superior Court No. 2; that certain named persons, one an attorney, have attempted to file the petition for him; but that the judge of superior court No. 2 has refused to allow the petition to be filed. In his return, the defendant fully and completely acknowledges the right of the relator to file his petition in St. Joseph Superior Court No. 2, and disclaims any intention of preventing the filing of such petition. The defendant further says that no petition has ever been presented to him for filing and that he has never been "properly requested to exercise jurisdiction in this behalf." Defendant's return is supported by the affidavits of all the

parties who are alleged by the relator in his petition for a writ of mandate to have attempted to file the petition for a writ of error *coram nobis*. These persons all deny under oath that they have at any time attempted to file in St. Joseph Superior Court No. 2 the petition of relator for a writ of error *coram nobis*.

In his reply to the defendant's return, the relator seems to be under the impression that the defendant takes the position that the relator must offer his petition for writ of error *coram nobis* either in person or by a regularly qualified attorney at law. We do not so understand the defendant's return, and we assume that the defendant would consider the petition of the relator properly offered for filing if it should be sent to the office of the clerk of the St. Joseph Superior Court by mail or by a personal messenger. We are convinced, from the affidavits submitted by relator, that he did in fact pay $12 to attorney Farage; but, in the face of attorney Farage's own sworn statement and the affidavit of the defendant, judge of St. Joseph Superior Court No. 2, we must conclude that attorney Farage made no effort to file relator's petition in the St. Joseph Superior Court.

The defendant, judge of the St. Joseph Superior Court No. 2, by his return shows cause why the alternative writ should not be made permanent. This court cannot mandate a lower court to do an act when the return shows that the lower court is ready and willing to do the act in question, and when the return further shows that neither the relator, nor anyone on his behalf, has at any time demanded that the act be done.

Permanent writ of mandate denied.